**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY as subrogee of WILLARD and KIRSTEN GRAHAM | Civil Action No. 2:15-cv-02525-JS |
| Plaintiff, | |
| v. | |
| TITEFLEX CORPORATION | |
| Defendant. | |

<u>**DEFENDANT TITEFLEX CORPORATION'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**</u>

Defendant Titeflex Corporation ("Titeflex") hereby moves to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Plaintiff's Amended Complaint must be dismissed because Plaintiff has acknowledged that Pennsylvania law governs this action and because Plaintiff filed this action after that state's applicable statute of limitations had run. In further support of its motion, Titeflex incorporates by reference its Memorandum of Law in Support of Titeflex Corporation's Motion to Dismiss.

RICCI TYRRELL JOHNSON & GREY

By:     *s/ William J. Ricci, Esquire*
William J. Ricci, Esquire (No. 27708)
1515 Market Street, 7th Floor
Philadelphia, Pennsylvania 19102
(215) 320-3260
bricci@rtjglaw.com
*Counsel for Defendant,
Titeflex Corporation*

Dated:  May 29, 2015

{8456.00004:00201195 }27181\4597165.2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY as subrogee of WILLARD and KIRSTEN GRAHAM | Civil Action No. 2:15-cv-02525-JS |
| Plaintiff, | |
| v. | |
| TITEFLEX CORPORATION | |
| Defendant. | |

**DEFENDANT TITEFLEX CORPORATION'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Titeflex Corporation ("Titeflex") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.

**I.      INTRODUCTION**

This insurance subrogation case is about a Pennsylvania home, the Pennsylvania storm that damaged it, and an attempt to skate around Pennsylvania's statute of limitations. Plaintiff Allstate Property and Casualty Insurance Company insured the home of Willard and Kirsten Graham. When a storm passed through Wayne, Pennsylvania, in August 2011, lightning directly struck the Grahams' home. Allstate dispatched investigators to Pennsylvania to investigate the damage, paid a claim to the Pennsylvania couple, and then . . . sued in Connecticut after letting the Pennsylvania statute of limitations expire.

As it happens, Connecticut has a longer statute of limitations. Moreover, bringing the case there meant that Titeflex could not pursue a full defense: the federal court in Connecticut lacked personal jurisdiction over the party that might have been responsible for the home's loss.[1]

---

[1] Titeflex denies that its product caused the fire that destroyed the Graham's home in August 2011. But even if the product was at fault, Titeflex has asserted in its Third-Party Complaint that Pat Collins Plumbing & Heating, located in Pennsylvania, is liable for all losses because Collins

Allstate has since been called out for its transparent forum shopping. In response, it acknowledged that this is a Pennsylvania case – by amending its Complaint to drop all reference to Connecticut law. As a result, the Court should estop Allstate from re-asserting that Connecticut law applies in any way to this case, because "a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp., 337 F.3d 314, 319 (3d Cir. 2003). Then, because Pennsylvania's statute of limitations has run on Allstate's claims, the Court should dismiss the Amended Complaint.

## II.   FACTUAL BACKGROUND

Titeflex makes and distributes corrugated stainless steel tubing ("CSST"), a building product used for the transportation and delivery of fuel gas in residential and commercial buildings. Amended Compl. ¶ 2. Allstate is an Illinois corporation that insured the Grahams home at 506 West Beechtree Lane, Wayne, Pennsylvania. Id. ¶¶ 1, 6. Lightning struck the home, or near it, during an August 21, 2011, storm. Id. ¶ 11. After the strike, a fire broke out and damaged the home. Id. ¶¶ 12-14. Allstate blames the fire on a "catastrophic failure" of the CSST installed in the Grahams' home. Id. ¶¶ 18-27. After paying the Grahams more than $385,000 pursuant to their insurance policy, Allstate sued Titeflex as the Grahams' subrogee. Id. ¶¶ 15-16.

Allstate filed this case in June 2014 in the U.S. District Court for the District of Connecticut. See Compl. Specifically, Allstate alleged in Count 1 that Titeflex is liable for the Grahams' loss under Connecticut General Statutes § 52-572m, et seq. Id. ¶ 14. Titeflex moved to dismiss the Complaint on September 18, 2014. See Motion to Dismiss, No. 3:14-cv-00945 (D. Conn. Sept. 18, 2014), ECF No. 15. Titeflex argued that the case should be dismissed because Pennsylvania law governs it and Allstate had based its sole claim under Connecticut law.[2] See

---

failed to properly install the CSST in the Graham's home. See Titeflex's Third-Party Compl. ¶¶ 15-18.

[2] Titeflex also explained in that motion to dismiss that Allstate had previously put another potential defendant on notice of Allstate's claim. Specifically, Pat Collins Plumbing & Heating

Mem. in Support of Defendant Titeflex Corporation's Motion to Dismiss, No. 3:14-cv-00945 (D. Conn. Sept. 18, 2014), ECF No. 16 ("Prior Motion to Dismiss") at 3-6.

In response to that motion, Allstate amended its complaint and thus mooted the motion. See Order, No. 3:14-cv-00945 (D. Conn. Oct. 6, 2014), ECF No. 21. In particular, Allstate dropped its citation to Connecticut law, thereby conceding that Pennsylvania law controls. See Amended Compl. After Titeflex moved to transfer this action to this court – that is, the venue in which it should have been brought to begin with – the district court of Connecticut ordered the action transferred to this district. See Order, No. 3:14-cv-00945 (D. Conn. April 22, 2015), ECF No. 40.

## III.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Fed. R. Civ. P. 12(b)(6). A defendant usually raises a statute-of-limitations defense in its answer. But the Third Circuit allows the defense also to be raised under Rule 12(b)(6) when the dates alleged in a complaint "show[] that the cause of action has not been brought within the statute of limitations." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (citations omitted). In these cases, the court may determine the issue by reference to the complaint, matters of public record, and documents integral to, or explicitly relied upon by, the complaint. Id. (citations omitted).

## IV.   ARGUMENT

### A.   The Court Should Judicially Estop Allstate From Arguing That Connecticut's Statute Of Limitations Applies To This Case.

#### 1.   Judicial Estoppel Protects The Judicial System.

Courts apply the doctrine of judicial estoppel to "prevent a litigant from playing fast and loose with the courts." See, e.g., Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp., 337 F.3d 314, 319 (3d Cir. 2003). (citation and internal quotation marks omitted). Courts

---

attended a joint scene inspection of the Grahams' home after the fire. See Prior Motion to Dismiss at 3 (citing Decl. of Carl Switzer in Support of Titeflex's Motion to Dismiss, ¶ 2, Ex. A). Moreover, Allstate told Titeflex that Collins was the entity that had installed the CSST in the Graham's home.

can, should, and do resort to this tool of equity when a party tries to take a position in a proceeding that is inconsistent with one it successfully took in a prior proceeding and when "no lesser sanction would adequately remedy the damage done" if the party would be allowed to assert the inconsistent positions. See id. (citation omitted).

This doctrine prevents a party from unfairly repudiating its earlier representations, even as to legal theories, which both opposing parties and the courts generally rely upon in litigating or overseeing the case. EF Operating Corp. v. Am. Bldgs., 993 F.2d 1046 (3d Cir. 1993). Thus, "[t]he smooth, efficient working of the judicial process depends heavily upon the assumption that [representations to the court and to other parties] will be made after careful deliberate evaluation by skilled attorneys who must ultimately accept responsibility for the consequences of their decisions." Id.; see also, Helfand v. Gerson, 105 F.3d 530, 535 (9th Cir. 1997) ("The integrity of the judicial process is threatened when a litigant is permitted to gain an advantage by the manipulative assertion of inconsistent positions, factual or legal.").

For example, in Murray v. Silberstein, a bail commissioner sued the Philadelphia municipal court after it discharged him from office. 882 F.2d 61, 62-63. The official sought only injunctive relief, alleging that damages were unavailable. Id. at 63. After granting a preliminary injunction, the district court ultimately ruled on the pleadings against Murray and in favor of the municipal court. Id. at 64. By the time matter came on for appeal before the Third Circuit, Murray had served out his designated term as a result of the preliminary injunction. This fact left the Court of Appeals asking why it should not dismiss Murray's appeal as moot. In response, Murray amended his complaint, this time alleging that he *was* entitled to damages.

The Third Circuit judicially estopped Murray from seeking damages. Id. at 66. His complaint had alleged that damages were unavailable, and his brief before the district court had explained that the Eleventh Amendment barred such recovery. Id. The court further explained that it was irrelevant whether Murray's legal analysis was correct: "What counts here is not what the law actually is but rather the position that Murray urged when he successfully sought a preliminary injunction." Id. at 66 n.5.

2.   **Any Argument That Pennsylvania Law Does Not Control This Case Constitutes Playing "Fast and Loose" With the Court.**

Allstate brought its Pennsylvania case to Connecticut court, for no other reason than to avoid the expiration of the applicable statute of limitations and to prevent Titeflex from fully defending itself. When first confronted with a court filing about which state law applies to this action, Allstate amended its Complaint in response to Titeflex's position that Pennsylvania law governs. As a result, Allstate avoided having to oppose the motion to dismiss, secured a court order denying the motion as moot, and saw its lawsuit survive. Thus, both this Court and Titeflex must be able to rely on Allstate's position as reflected by the changes to its complaint. To do otherwise would upset "the smooth, efficient working of the judicial process." EF Operating Corp., 993 F.2d at 1050.

Titeflex acknowledges that the jurisdiction that transfers a case under 28 U.S.C. § 1404(a) generally supplies the governing procedural law in most situations. See Van Dusen v. Barrack, 376 U.S. 612, 639 (1964). Further, Titeflex expects Allstate to cite Baxter v. Sturm, Ruger & Company for the proposition that Connecticut's procedural law must still apply to this action – and thus that Connecticut's longer statute of limitations applies. See 644 A.2d 1297 (Conn. 1994). Baxter did not involve a party's transparent effort "to gain an advantage by the manipulative assertion of inconsistent positions, factual or legal." See Helfand, 105 F.3d at 535. And it was not about protecting the integrity of the federal judiciary by preventing "a litigant from playing fast and loose with the courts." Krystal Cadillac, 337 F.3d at 319. This case is.

Accordingly, the Court should estop Allstate from changing its position again. And it should hold that Pennsylvania's statute of limitations applies to Allstate's cause of action, and, because the Amended Complaint makes it facially clear that Allstate did not timely file this case, the Court should dismiss the action with prejudice.

B.   **This Action Must Be Dismissed Because Allstate Brought It After The Expiration of Pennsylvania's Statute of Limitations.**

Under Pennsylvania law, a plaintiff must bring a product liability actions within two years of injury to his property. Pa. Cons. Stat. § 5524(7). Allstate alleges that the Grahams

suffered damage to their home on August 21, 2011. Amended Compl. ¶ 11. As such, the Grahams – or Allstate, as their subrogee – had until August 21, 2013, to file this case. Allstate filed this case nearly a year after that date. The Court therefore should dismiss the Amended Complaint, with prejudice. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (noting that dismissal without leave to amend justified when amendment would be futile).

V.      **CONCLUSION**

For the foregoing reasons, the Court should dismiss Allstate's Amended Complaint with prejudice.

RICCI TYRRELL JOHNSON & GREY

By:     *s/ William J. Ricci, Esquire*
        William J. Ricci, Esquire (No. 27708)
        1515 Market Street, 7th Floor
        Philadelphia, Pennsylvania 19102
        (215) 320-3260
        bricci@rtjglaw.com
        *Counsel for Defendant,*
        *Titeflex Corporation*

Dated: May 29, 2015

**CERTIFICATE OF SERVICE**

I, William J. Ricci, Esquire, do hereby certify that a true and correct copy of Titeflex

Corporation's Motion to Dismiss Plaintiff's Amended Complaint was electronically filed and

served this 28th day of May, 2015 on counsel and unrepresented parties as follows:

Mark E. Utke
Cozen & O'Connor
1900 Market Street
Philadelphia, PA 19103
*Counsel for Plaintiff*

Stuart G. Blackburn
Two Concorde Way Bldg 3C
PO Box 608
Windsor Locks, CT 06096
*Counsel for Plaintiff*

George W. Marion
Jodi K. Miller
Bulkley Richardson & Gelinas
Baybank Tower
1500 Main St. Suite 2700
PO Box 15507
Springfield, MA 01115-5507
*Counsel for Titeflex Corporation*

Pat Collins Plumbing and Heating
2501 N. Feathering Rd.
Media, PA 19063

By:     *s/ William J. Ricci, Esquire*
        William J. Ricci, Esquire

Dated:   May 29, 2015