IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY as subrogee of WILLARD and KIRSTEN GRAHAM<br><br>Plaintiff,<br><br>v.<br><br>TITEFLEX CORPORATION<br><br>Defendant. | Case No.: 2:15-cv-002525-JS |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT TITEFLEX'S MOTION TO DISMISS

### I.  INTRODUCTION

This case arises from a design defect, product liability action asserted against defendant Titeflex Corporation ("Titeflex"). The product at issue is corrugated stainless steel tubing ("CSST") which is used in residential housing to supply propane gas to appliances. As alleged in plaintiff's Complaint, when exposed to lightning energy, the CSST perforates, releasing flammable gas and creating a blow torch effect. The end result is a catastrophic, gas-fed fire like the one that destroyed the house at issue in this case.

Defendant contends that this case should be dismissed, as a matter of law, because it was not timely filed under Pennsylvania's two (2) year statute of limitations. This argument is fundamentally flawed because, as will be demonstrated below, it is Connecticut's three (3) year statute of limitations that must be applied in this case. Jurisdiction was proper in Connecticut because the defendant is domiciled there and has consented to its jurisdiction. Moreover, venue is proper in more than one jurisdiction and was moved to Pennsylvania, at defendant's request, "for the convenience of the parties." In diversity actions, when a transfer of venue is based on 28

U.S.C. §1404(a), as it is here, it is the procedural law of the transferor jurisdiction that governs – in this case Connecticut, which maintains a three (3) year statute of limitations and no borrowing statute that would adopt a shorter statute of limitations. Simply put, this case was properly filed in Connecticut within Connecticut's three (3) year statute of limitations and was only transferred to Pennsylvania for the convenience of the parties. Therefore, plaintiff's Amended Complaint is timely and defendant's motion should be summarily denied in all respects.

## II.   RELEVANT FACTS

Defendant Titeflex has been incorporated in the State of Connecticut since 1978 as a Domestic Corporation. (Secretary of State Record, Exhibit "A"). Titeflex also sought and obtained authority from the Connecticut Secretary of State to conduct business in Connecticut, thereby consenting to the jurisdiction of the Connecticut court system. (Certificate of Authority, Exhibit "B"). Titeflex maintains its principal place of business at 603 Hendee Street in Springfield, Massachusetts. (Exhibit "A"). Titeflex also maintains a registered agent, CT Corporation System, for accepting service on its behalf in the State of Connecticut. (*Id.*).

Connecticut's statute of limitations for the filing of a product liability claim is three (3) years from the date of loss. *Conn. Gen. Stat.* §52-577. The fire which gives rise to this suit occurred on August 21, 2011. (Amended Complaint, Par. 11). Suit was filed against Titeflex in its home jurisdiction by the filing of a Complaint in the United States District Court for the District of Connecticut on June 30, 2014 and, therefore, it is indisputable that this action was timely filed within Connecticut's statute of limitations. Defendant Titeflex subsequently sought a transfer of venue pursuant to 28 U.S.C. §1404(a), which was granted, for the convenience of the parties, and this matter was transferred to Eastern District of Pennsylvania on May 7, 2015.

For the following reasons, the defendant's Motion to Dismiss should be denied.

## II.   LEGAL ARGUMENT

### A. Standard of Review

In evaluating a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). To survive a motion to dismiss the plaintiff's complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). That is, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U .S. 544, 555 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). The question is not whether the claimant "will ultimately prevail ... but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530, 131 S. Ct. 1289, 179 L.Ed.2d 233 (2011).

In this case, plaintiff's Amended Complaint sets forth sufficient factual information to place the defendant on notice that the CSST product manufactured by the defendant is defective in design and caused damage to the plaintiff's insureds. The Amended Complaint formulates a cause of action under *Restatement (Second) of Torts*, §402A, which is the standard for product liability claims in both Connecticut and Pennsylvania. As alleged in the Amended Complaint, the fire which caused damage at plaintiff's insured's residence occurred on August 21, 2011. Suit was properly filed in the defendant's state of domicile on June 30, 2014, which is within the three (3) year time limitation for the filing of a product liability claim in the State of Connecticut. The defendant's Motion, which seeks to apply the Pennsylvania two (2) year statute of

limitations, is not supported by the case law or the rules governing the transfer of venue for diversity actions pursuant to 28 U.S.C. §1404(a). Therefore, the Motion to Dismiss should be denied.

### B. Jurisdiction is Proper in More Than One Venue.

A civil action can be brought in a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located. 28 U.S.C. §1391(b)(1); *See, Coppola v. Ferrelgas, Inc.*, 250 F.R.D. 195, 196-197 (E.D. Pa. 2008)(venue in a diversity case is proper where the defendant resides). A corporation is considered a citizen of any state where it is incorporated or has its principle place of business. 28 U.S.C. §1369(c)(2). As applied to this case, because Titeflex is a Connecticut corporation, it is a citizen of the State of Connecticut and is subject to jurisdiction there. *Wender v. Trading Cove Assocs.*, 199 Conn. Super. LEXIS 1360 *5. Therefore, the filing of a civil action against defendant Titeflex in its home state of incorporation is entirely proper under these circumstances.

In Connecticut, a corporation which complies with the requisites of Conn. Gen. Stat. §33-920 by registering as a business has, in fact, consented to the exercise of jurisdiction by the courts of Connecticut. *Id.* "Such a corporation has purposely availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id., See, Wallenta v. Avis Rent A Car System, Inc.*, 10 Conn. App. 201, 205, 522 A.2d 820 (1987) *citing Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Conspicuously absent from defendant's current Motion is any mention of the domicile of Titeflex or its undeniable and deep-rooted connection to the State of Connecticut. The fact that Titeflex is incorporated and registered to conduct business in Connecticut is critical to any analysis as to whether suit was properly filed against this entity in its home state of Connecticut.

4

In addition to jurisdiction being proper in Connecticut, the plaintiff does not contest that the Commonwealth of Pennsylvania is also a proper forum for the filing of this action.[1] A civil action can be brought in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. 28 U.S.C. §1391(b)(2). As the residential fire in this case occurred in Pennsylvania, there is a valid basis under which suit could have been filed in Pennsylvania. However, the fact that jurisdiction is proper in more than one forum does not constitute a basis for dismissal of plaintiff's claims, when they were properly filed in another, otherwise proper forum.

Pursuant to 28 U.S.C. §1391(b)(1), suit may be filed against defendant Titeflex in its home state of Connecticut. By registering as a business entity, defendant Titeflex has purposely availed itself of the protections and privileges afforded to a corporation doing business in the State of Connecticut. As such, Titeflex has consented to the exercise of jurisdiction in the courts of Connecticut.

C. **The Transfer of Venue Statute Recognizes That Jurisdiction May Exist in More Than One Forum**

This matter was transferred from the District Court of Connecticut to the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1404(a) on May 7, 2015. This Change of Venue statute specifically recognizes that jurisdiction may exist in more than one venue and provides that "...a district court may transfer any civil action to any other district where it might have been brought...." *See, Taylor v. White*, 132 F.R.D. 636, 638 (E.D. Pa. 1990)(recognizing that venue may be appropriate in more than one forum). While the defendant claims that the plaintiff is

---

[1] In this regard, defendant Titeflex maintains its principal place of business in the Commonwealth of Massachusetts, which would also serve as an entirely appropriate venue for the filing of this lawsuit. 28 U.S.C. §1369(c)(2); (*See*, Exhibit "A"). Massachusetts has a three (3) year statute of limitations for the filing of a product liability action. Mass. Gen. L. Ch. 260, §2A.

5

playing "fast and loose" with the court system, the purpose of the defendant's requested transfer of venue was represented as being for the *convenience of the parties*, as opposed to an effort to apply a shorter limitation period to the filing of plaintiff's suit. Regardless of motives, the defendant's request for a transfer of venue is a futile attempt at forum shopping for a shorter statute of limitations.. As will be demonstrated below, defendant's attempt is futile because it is the law of the transferor state that applies and, in this case, plaintiff's complaint was timely filed within Connecticut's three (3) year statute of limitations.

There are several jurisdictions where this suit could have appropriately been filed. The plaintiff's selection of Connecticut is entirely proper given the state of domicile for defendant Titeflex.

> D. In Diversity Actions, When a Transfer of Venue is Based on 28 U.S.C. § 1404(a), the Procedural Law of the Transferor Jurisdiction Governs the Case.

In *Van Dusen v. Barrack*, 376 U.S. 612, 637-640, 11 L.Ed 2d 945, 84 S.Ct. 805 (1964), the Supreme Court held that where a case is transferred by the defendant pursuant to 28 U.S.C. § 1404(a), the transferee court should apply the law of the transferor forum in order to prevent defendants from forum-shopping.[2] The *Van Dusen* rule was further defined in *Ferens v. John Deere Co.*, 494 U.S. 516, 524-25, 108 L.Ed. 2d 443, 110 S.Ct. 1274 (1990), which is factually similar to the present case. *Ferens* involved a personal injury action that occurred in Pennsylvania but was filed in Mississippi, where the statute of limitations for personal injury actions is six (6) years. Under Mississippi law, "[a] Mississippi court would rule that Pennsylvania's substantive law controls the personal injury claim but that Mississippi's own law

---

[2] Counsel for the defendant concedes in its moving brief that the *Van Dusen* rule dictates that the transferor court generally supplies the procedural law in those actions that are transferred pursuant to 28 U.S.C. § 1404(a). (DB, IV(A)(2)).

governs the limitation period." *Id.* at 519. Thus, in Mississippi, the case was not time-barred, despite the two (2) year statute of limitations in Pennsylvania having lapsed.

The *Ferens* plaintiffs initiated a transfer of venue pursuant to 28 U.S.C. § 1404(a), which was granted, and the Pennsylvania District Court then dismissed the action as being time-barred under Pennsylvania's two (2) year statute of limitations. *Id.* at 521. The Supreme Court reversed this ruling and held that, although "our rule may seem too generous because it allows the [plaintiffs] to have both their choice of law and their choice of forum, or even to reward [them] for conduct that seems manipulative," *Id.* at 531, "the transferor law should apply regardless of who makes the §1404(a) motion." *Id.* In this regard transfer motions under §1404(a) should be "...regarded as a federal judicial housekeeping measure, dealing with the placement of litigation in the federal courts and generally intended, on the basis of convenience and fairness, simply to authorize a change of courtrooms." *Van Dusen, supra.*, 376 U.S. at 636-637. *See also, Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945)(a federal court, sitting in diversity cases, follows the forum's choice of law rules to determine the applicable statute of limitations).

As applied in this case, this product liability suit was properly filed in the defendant's state of domicile and thereafter transferred, at the request of the defendant, to the Eastern District of Pennsylvania. The stated purpose of the transfer of venue was for the convenience of the parties. Pursuant to the standard set forth in *Van Dusen*, the transferee court (Pennsylvania) should apply the law of the transferor forum (Connecticut) in order to prevent a defendant from forum-shopping. The fact that both Connecticut and Pennsylvania apply *Restatement (Second) of Torts* to product liability actions further emphasizes that the defendant's contention of the plaintiff conducting forum shopping to achieve a better result is without merit. *Potter v. Chicago Pneumatic Tool Co.*, 241 Conn. 199, 694 A.2d 1319, 1332 (1997)(applying *Restatement*

*(Second) of Torts* to design defect product liability action); *Tincher v. Omega Flex, Inc.*, 104 A.3d 328, 399 (Pa. 2014)(*Restatement (Second) of Torts* is the law in Pennsylvania for design defect product liability claims). The procedural law of Connecticut, the forum state for this action, is applicable to plaintiff's product liability claim.

### E. In a Diversity Action, the Procedural Law of the Jurisdiction Where Suit is Filed Governs.

A federal court sitting in diversity must follow the choice-of-law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *See, Kallman v. Aronchick*, 981 F.Supp.372, 378 (E.D. Pa. 2013)(court must apply forum's choice of law rules); *Hogston v. Allis-Cahlmers Corp.*, 672 F.Supp. 705, 713 note 3 (E.D. Pa. 2009)(where district court has jurisdiction based upon diversity, the court will apply state substantive law as determined by the choice of law analysis required by the state in which the action was filed); *Pease v. Main Turbo Systems*, 768 F.Supp.2d. 775, 777 (M.D. Pa. 2011)(same); *Annamarie Stephens v. Norwalk Hosp., et al.*, 162 F. Supp.2d 36, 40 (D. Conn. 2001)(when case is transferred pursuant to 28 U.S.C. 1404(a), transferee court should apply the law of the transferor forum to prevent defendants from forum shopping). Under Connecticut choice-of-law rules, the forum state's statute of limitations applies to claims raised in a federal diversity action, even where the event giving rise to the lawsuit occurred out of state. *Brady v. U.S. Airways Group, Inc.*, 2001 WL 406327 *1, note 1 (D. Conn. April 4, 2001) See, Somohano v. Somohano*, 29 Conn. App. 392 (1992); *Slekis v. National R.R. Passenger Corp.*, 56 F. Supp.2d 202 (D. Conn. 1999).

In Connecticut, the courts uniformly apply the statute of limitations as being procedural, not substantive, and therefore, "the limitation period established by the *lex fori* governs." *Baxter v. Sturm, Ruger & Co.*, 230 Conn. 335, 339 (1994)(procedural law of *lex fori* governs in actions transferred pursuant to 28 U.S.C. 1404(a)); *See Morris Plan Indus. Bank v. Richards*, 131 Conn. 671, 674 (1945) (same); *Thomas Iron Company v. Ensign-Bickford Co.*, 131 Conn. 665, 669

8

(1945) (same); *See also Lostritto v. Community Action Agency of New Haven, Inc.*, 269 Conn. 10, 22-23 (2004) ("a statute of limitations is generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and it does not itself create the right of action."). As such, Connecticut federal courts have uniformly held that Connecticut's statute of limitations ordinarily will govern in diversity actions, such as the present case. *See, Stephens v. Norwolk Hosp.*, 162 F. Supp.2d 36, 41-42 (D. Conn. 2001); *Brady, supra.* at *1; *Slekis, supra.* at 204; *Palacio v. Munies*, 1999 WL608818, at *2 (D. Conn. August 5, 1999); *Drakatos v. Denison*, 493 F. Supp. 942, 944 (D. Conn. 1980); *Brown v. Merrow Machine Co.*, 411 F. Supp. 1162, 1164 (D. Conn. 1976).

As applied in this case, the statute of limitations period for an action filed in Connecticut arising from a product liability claim is three (3) years. While defendant contends that there is purported forum shopping taking place between the laws of the Commonwealth of Pennsylvania and the State of Connecticut, this Court should take judicial notice that both jurisdictions apply *Restatement (Second) of Torts* for design defect product liability cases. As such, there is no substantive difference between the law being applied in this Commonwealth, as opposed to the State of Connecticut. In this diversity action, the procedural law of the jurisdiction where the action was filed should be applied. The three (3) year statute of limitations from Connecticut is applicable, regardless of any other choice of law issue.

**F.     The Doctrine of Judicial Estoppel Has No Application to This Case.**

In its Motion to Dismiss, defendant seeks to have this Court invoke principles of judicial estoppel as a means of dismissing plaintiff's case. As a fundamental matter, plaintiff has filed an Amended Complaint which asserts a design defect, product liability claim. The claim is framed under *Restatement (Second) of Torts*, §402A which is the law that is followed in both Connecticut and Pennsylvania. *Potter v. Chicago Pneumatic Tool Co.*, 241 Conn. 199, 694 A.2d

9

1319, 1332 (1997) (applying *Restatement (Second) of Torts* to design defect product liability action); *Tincher v. OmegaFlex, Inc.*, 104 A. 3d 328, 399 (Pa. 2014) (*Restatement (Second) of Torts* is the law in Pennsylvania for design defect product liability claims). There is no inconsistency in this pleading, nor have there been irreconcilable positions taken by the plaintiff in this case.

The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding. *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S. Ct. 1808, 149 L. Ed 2d 968 (2001) In *New Hampshire*, the Court identified three major factors that typically inform a court's decision to apply the doctrine: (1) whether a party's later position is clearly inconsistent with the earlier position; (2) whether the party succeeded in persuading a court to accept the earlier position and could create "the perception that either the first or the second court was misled"; and (3) whether the party asserting the inconsistent position would receive an unfair advantage or burden the opposing party with an unfair detriment. 532 U.S. at 750-51 *quoting Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir. 1982).

The Third Circuit has adopted its own formula for the application of judicial estoppel. The formula consists of a three part test, and "all three prongs must be satisfied before a court opts to apply the doctrine." *In re Kane*, 628 F.3d 631, 639 (3d Cir. 2010). The prongs include (1) that a party's two positions must be irreconcilably inconsistent; (2) that the party changed its position in bad faith; and (3) that no lesser sanction than estoppel would sufficiently remedy the damage caused by the misconduct where judicial estoppel is tailored to only address the harm identified. *Id.* at 638 *citing Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 779-80 (3d Cir. 2001). *Montrose* defined "bad faith" as (1) "behaving in a manner that is

10

somehow culpable" and (2) reaching a level where the "litigant's culpable conduct assaulted the dignity or authority of the court." 243 F.3d at 781.

Applying the three prong analysis set forth in *Kane* reveals that any argument for the application of judicial estoppel is not supported by fact. First, there are no two positions that have been taken by the plaintiff in the pleading stage of the litigation that can accurately be described as being irreconcilably inconsistent. The initial Complaint and Amended Complaint both set forth a product liability claim pursuant to *Restatement (Second) of Torts* §402A. The defendant has yet to even file a responsive Answer to this pleading. There is no substantive inconsistency in either pleading.

Second, there can be no viable argument that the plaintiff changed its position in "bad faith" such that the plaintiff's "culpable conduct assaulted the dignity or authority of the court." With no substantive difference between the law of the two jurisdictions, there is no factual basis to contend that the plaintiff has changed its position, let alone having done such an act in bad faith.

Third, dismissal of plaintiff's case on the basis that the defendant would like a shorter period of time to apply to the statute of limitations does not entail any type of "damage" or "harm." If anything, it represents defendant's disappointment in the proper application of the procedure invoked when a change of venue takes place pursuant to 28 U.S.C. § 1404(a). The defendant is unable to support any plausible argument under the three prong analysis set forth by the Third Circuit in *Kane, supra*. Judicial estoppel is not remotely applicable under these circumstances. There is simply no factual or legal basis to support a claim of judicial estoppel, let alone an allegation of bad faith on behalf of the plaintiff. Defendant's argument has no bearing on the procedural law to be applied in a diversity action that is transferred pursuant to 28 U.S.C. § 1404(a).

### III. CONCLUSION

For the aforementioned reasons, defendant Titeflex's Motion to Dismiss should be denied.

COZEN O'CONNOR

By:   /s/ Mark E. Utke, Esquire
      Mark E. Utke, Esquire
      1900 Market Street
      Philadelphia, PA 19103
      Phone: 215-665-2164
      Fax: 215-665-2013
      Attorneys for Plaintiff